IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHOADS INDUSTRIES, INC., et al | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-921 |
| | : | |
| SHORELINE FOUNDATION, INC., et al | : | |

| | | |
|---|---|---|
| RHOADS INDUSTRIES, INC., et al | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 17-266 |
| | : | |
| TRITON MARINE CONTRUCTION CORP. | : | |
| | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                   August 19, 2021

  Presently before the Court is Defendants' Triton Marine Construction Corp., Shoreline Foundation Inc., and TranSystems Corp. (collectively "Defendants") "Joint Motion for Reconsideration of the Court's Order of July 2, 2021 Granting Plaintiffs' Daubert Motion to Preclude Defendants' Expert DM Consulting/John Vitzthum" (Civ. No. 17-266, Doc. 181) and Plaintiffs' Rhoads Industries, Inc. and Rhoads Marine Industries, Inc. (collectively "Rhoads") Response in Opposition (Doc. 183). Defendants have not filed a reply in further support of their motion. For the reasons set out below, the motion is denied.

**I. Background**

  As the facts of this case are well known to the parties, we provide here only a brief statement of background information relevant to the motion for reconsideration. This litigation arises from a situation in which Defendants were completing construction projects that involved

1

pile driving in the Philadelphia Navy Yard, within the vicinity of certain properties and structures leased by Rhoads, and allegedly caused harm resulting in property damages and lost profits. As we have previously observed, this case "presents complex questions of causation, standard of care, and damages, necessitating extensive expert testimony." (Doc. 177.) As such, the parties collectively filed motions in limine to preclude the testimony of eleven expert witnesses. The motion presently before us follows upon our July 2, 2021 Order (Doc. 178) and omnibus Memorandum Opinion (Doc. 177) resolving those motions. Of the eleven proffered experts whose testimony was challenged, we precluded in its entirety the testimony of only one, John Vitzthum of DM Consulting ("Vitzthum"). Defendants filed this timely motion seeking reconsideration of Vitzthum's preclusion on July 16, 2021 (Doc. 181), and Rhoads filed its response in opposition on July 30, 2021 (Doc. 183).

Vitzthum's testimony was precluded due to Defendants' failure "to comply with Fed.R.Civ.P. 26 and provide a complete and timely expert disclosure." (Doc. 177 at 45.) While Defendants timely served Vitzthum's expert report, it was not accompanied by *any* additional information, let alone the information expressly required by Fed.R.Civ.P. 26(a)(2). (*Id.* at 46.) Rhoads' motion in limine to preclude Vitzthum highlighted this inadequacy in Defendants' expert disclosure. Still, Defendants waited one month, until their response in opposition to Rhoads' motion was due, to provide any of the required expert disclosures. (*Id.* at 47.) This additional disclosure occurred nearly seven months after the expert disclosure deadline, and even then, it was still not substantively compliant with the requirements of Fed.R.Civ.P. 26(a)(2). For example, the seven-month-late disclosure purported to identify one previous case in which Vitzthum testified, but it provided only the following identifying information: "Year: 2018, Law Office: Lawrence Shea, Case: Voyager." (*Id.* at 48.) Despite their clear failure to comply with Fed.R.Civ.P. 26,

Defendants presented no argument whatsoever to justify their failure and argued only that it was harmless in that Rhoads "had the opportunity to take Vitzthum's deposition and failed to do so." (Doc. 165 at 8.)

Given that Defendants failed to provide a compliant expert disclosure, we applied the five factor test set out by the Third Circuit to determine whether exclusion of the expert testimony was warranted. In doing so, we determined that: (1) Rhoads was prejudiced in that it was "deprived of the opportunity to prepare a comprehensive *Daubert* motion" challenging Vitzthum's qualifications; (2) Rhoads could not cure this prejudice as the deadline for expert discovery and motions to preclude expert testimony had lapsed; (3) the cure required to allow Vitzthum's testimony would be cumbersome and Defendants had not requested the opportunity to pursue it; (4) Defendants' apathetic response to Rhoads' concerns regarding their expert disclosures raises legitimate questions with respect to whether there was "any bad faith or willfulness" in failing to comply; and (5) Vitzthum's opinions were "of relatively low importance and that Defendants [would] likely be able to introduce much of [the] same evidence with fact witnesses and/or through effective cross examination." (Doc. 177 at 49–51.) Accordingly, we concluded that the balance of the factors weighed in favor of precluding Vitzthum's testimony pursuant to Fed.R.Civ.P. 37.

Additionally**,** we stated that "even if we were not to exclude Vitzthum's testimony pursuant to Fed.R.Civ.P. 37(c) for failure to comply with Fed.R.Civ.P. 26(a), we would nonetheless preclude it pursuant to Fed.R.Civ.P. 702 as unreliable." (*Id.* at 53 n.9.) We explained that Vitzthum's opinion was unreliable in that it was largely premised on an assertion that had no factual support in the record and, as such, was not supported by "good grounds." (*Id.*) That is, Vitzthum's conclusions were predicated on his assertion that the "dry dock has not had any form of certification since 1993," but the record evidence clearly demonstrated that it in fact was

certified several times since 1993, including as recently as 2012, 2015, and 2017. (*Id.*) We thus concluded that "it cannot be said that Vitzthum's opinion has a sufficient factual basis to be reliable." (*Id.*)

Defendants now bring this motion before us arguing that we committed "clear error in applying a strict interpretation of service of Rule 26 disclosures" and that "even if the court were to find that the Rule 26 disclosures were untimely, the result was harmless error." (Doc. 181 at 3.) Further, Defendants argue for the first time that the Third Circuit's articulated factors for determining whether preclusion is proper under Fed.R.Civ.P. 37 weigh against precluding Vitzthum. We conclude that Defendants have not met their "heavy burden" to demonstrate that we committed "clear error" or that "manifest injustice" resulted from our decision.

## II. Discussion

At the outset, we observe that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)) (internal quotation marks and alterations omitted). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (internal quotation marks and citation omitted).

A motion for reconsideration is an "extraordinary remedy" that is to be "granted sparingly" because of the courts' "interest in the finality of judgments." *Conway v. A.I. duPont Hosp. for Child.*, 2009 WL 1492178, at *2 (E.D. Pa. May 26, 2009) (internal citations and quotations

omitted). As such, "a motion for reconsideration is not to be used to relitigate or 'rehash' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC DNV Energy, LLC*, 2017 WL 2985432, at *4 (W.D. Pa. July 13, 2017) (citation omitted). Courts thus "need not reconsider repetitive arguments that have already been fully examined." *Conway*, 2009 WL 1492178, at *2 (internal citation and quotations omitted). Nor is such a motion to be used as a vehicle to advance evidence or arguments that were available to the moving party but that were not presented to the court in the matter previously decided. *See Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251–52 (3d Cir. 2010); *El v. City of Pittsburgh*, 2017 WL 4310233, at *2 (W.D. Pa. Sept. 28, 2017) (citing *United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010)) ("Motions for reconsideration are not a tool . . . for addressing arguments that a party should have raised earlier."). "Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue." *United States v. Hoey*, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011).

Here, Defendants argue that reconsideration is proper in that "the court's application of a strict interpretation of Rule 26 was in error, that even if the court found the Rule 26 disclosures as to Vitzthum were untimely, the result was harmless error, and that the preclusion of Vitzthum's testimony would be extremely prejudicial to the defense." (Doc. 181 at 8.) However, upon examination of Defendants' motion, and in light of the standards set out above, it is clear that they cannot meet their "heavy burden" to demonstrate "clear error" or "manifest injustice." *See El*, 2017 WL 4310233, at *4.

Defendants' first argument, that our "strict interpretation of Rule 26 was in error," is predicated upon their contention that expert disclosures were not due at the time expert reports were due, but rather, "must be provided at least 90 days prior to the date set for trial or for the case to be ready for trial." Notwithstanding that we have already "fully examined" and rejected this argument in our original ruling and therefore "need not reconsider" it, *Conway*, 2009 WL 1492178, at *2, we reiterate our reasoning here. In support of the proposition that their disclosures were timely, Defendants reference Fed.R.Civ.P. 26(a)(2)(D), but they omit key language from that rule. It provides:

> A party must make [expert] disclosures *at the times and in the sequence that the court orders. Absent a stipulation or a court order*, the disclosures must be made:
>
> (i)    at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii)   if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed.R.Civ.P. 26(a)(2)(D) (emphasis added). Accordingly, the rule requires that expert disclosures be made "at the times and in the sequences that the court orders" and that, only in the absence of such an order, must be made "at least 90 days before the date set for trial." *Id.* Here, our scheduling order stated that "Defendants' expert reports regarding damages are due no later than September 15, 2020." (Doc. 118.) In turn, Fed.R.Civ.P. 26(a)(2)(B) provides that expert reports "must" accompany expert disclosures. Accordingly, expert disclosures were due on the same date as expert reports. This is not a "strict interpretation" of the Federal Rules, and it certainly is not "clear error." It is the plain language of Fed.R.Civ.P. 26 and of our scheduling order. Indeed, Defendants'

argument that expert disclosures were not due on that date strikes us as disingenuous, considering that they managed to submit timely disclosures by the proper date for all other experts.[1]

Next, Defendants argue that their failure to provide compliant and timely disclosures for Vitzthum was "harmless" and thus that his testimony should not be precluded pursuant to Fed.R.Civ.P. 37. Here again, Defendants have already presented this same argument in their response in opposition to Rhoads' motion to preclude Vitzthum, and we have already considered it and rejected it. Their argument on this point remains that there was no harm in their failure to provide Vitzthum's disclosures in that Rhoads still had the opportunity to depose him. While it is not necessary for us to recount here the reasons that we previously rejected this argument, we note that, as we have already explained, "Defendants have an affirmative obligation to provide compliant expert disclosures. To the contrary, Rhoads has no affirmative obligation to depose Defendants' witnesses." (Doc. 177 at 50.) That is, the harm here is that Rhoads did not have the information required to be disclosed to utilize in preparing its motion in limine. The fact that Rhoads had the opportunity to depose Vitzthum does not erase this harm, as Rhoads was under no obligation to supplement Defendants' inadequate disclosures by taking Vitzthum's deposition.

The only new arguments Defendants put forth now that were not in their original response in opposition to the motion in limine relate to the Third Circuit's factors for determining whether

---

[1] In fact, Defendants' contention that expert disclosures in this case are not due until 90 days prior to the trial date would mean that the window for such disclosures remains open to this day, as no trial date has yet been set. Considering that motions in limine to preclude expert testimony were due more than five months ago, on March 8, 2021, this argument is untenable. Indeed, the disclosures required under Fed.R.Civ.P. 26—for example, an expert's qualifications—are necessarily the subject of *Daubert* motions. Defendants' argument would require us to accept that the deadline for such disclosures remains open even after *Daubert* motions have been fully resolved. This argument further calls into question the sincerity of Defendants' position, especially in light of the fact that Defendants managed to timely provide the proper disclosures for all their experts, except Vitzthum.

preclusion of evidence for noncompliance with Fed.R.Civ.P. 26 is warranted under Fed.R.Civ.P. 37. That is, they contend that: (1) there is no prejudice to Rhoads in that it had the opportunity to depose Vitzthum, (2) any prejudice could be cured by granting Rhoads the opportunity to depose Vitzthum now, (3) "[given] the procedural posture of the case, . . . there is still an opportunity . . . to conduct the deposition," and  (4) there is no evidence of bad faith. These arguments are unavailing at this stage for several reasons.

First, these arguments were available to the Defendants at the time they filed their original response to Rhoads' motion, but they chose not to pursue them. Indeed, Rhoads' original motion was largely predicated upon Defendants' failure to comply with Fed.R.Civ.P. 26. It is inexcusable that in response to such a motion Defendants did not discuss the Third Circuit's well-known and frequently invoked factors for determining whether preclusion of evidence for noncompliance with that very rule is warranted. As we have set out above, a motion for reconsideration is not the proper venue to raise arguments that were previously available but were not raised. *Howard Hess Dental Lab'ys Inc.*, 602 F.3d at 251–52. Moreover, notwithstanding Defendants' failure to raise these factors in their response, we already "fully examined" their application in our Memorandum Opinion in determining that preclusion was appropriate. (Doc. 177 at 49–53.) As such, we reject Defendants' invitation to "rehash issues [that we] already decided." *Black Bear Energy Servs., Inc.*, 2017 WL 2985432, at *4. Further, while we need not consider arguments that have already been fully examined, we nonetheless find that Defendants' arguments also fail on the merits for the same reasons we set out in our Opinion, which we do not recount here.[2]

---

[2] While we do not recount our reasoning here, we note several deficiencies in that of Defendants. First, while they assert that "[g]iven the procedural posture of the case, . . .  there is still an opportunity . . . to conduct the deposition," they ignore that we have set out several steps that would be necessary in a comprehensive cure for their failure to comply with Fed.R.Civ.P. 26. Indeed, we noted in our Opinion that Defendants did not even request the opportunity to pursue

Finally, we observe that Defendants have not addressed the additional alternative grounds that we found supported preclusion of Vitzthum's testimony—that it was "unreliable" and therefore inadmissible pursuant to Fed.R.Civ.P. 702. (Doc. 177 at 53 n.9.) We stated that, "even if we were not to exclude Vitzthum's testimony pursuant to Fed.R.Civ.P. 37(c) for failure to comply with Fed.R.Civ.P. 26(a), we would nonetheless preclude it pursuant to Fed.R.Civ.P. 702 as unreliable." (*Id.*) We explained that Vitzthum's opinion is "unreliable" in that it is centrally premised upon an assertion that finds no support in the record and that is, in fact, directly contradicted by record evidence. (*Id.*) Defendants' failure to address this separate and independently sufficient ground to preclude Vitzthum's testimony is itself reason enough to deny Defendants' motion, notwithstanding the reasons we have already discussed. *See El*, 2017 WL 4310233, at *4 ("As Plaintiffs ignore the Court's other two rulings that independently supported granting the DA Movants' motion for protective order, Plaintiffs have failed to establish that the Court made a clear legal error in the prior Order or that reconsideration of same is necessary to prevent a manifest injustice."); *Durst v. Durst*, 663 Fed. Appx. 231, 237 (3d Cir. 2016) (affirming the District Court's denial of a motion for reconsideration based, in part, on the fact that the issue raised in the motion would not have changed the outcome of the prior decisions).

## III. Conclusion

---

that necessary cure, and they still have not here, as they have only requested the opportunity for a deposition to be conducted. Further, we observe that they have provided no support for their conclusory allegation that "there is no evidence that [they] acted in bad faith" and have not specifically refuted any of the evidence underpinning our finding that their conduct could give rise to such an inference. Additionally, they have still not addressed "the most significant factor" in determining whether preclusion is warranted—the importance of the evidence. (Doc. 177 at 49.) While Defendants assert that they would be "prejudiced" by Vitzthum's preclusion, they do not provide any argument as to its importance of his opinions, nor do they refute our finding that they are "of relatively low importance." That they did not address this factor at all, despite that we expressly recognized it as "the most significant factor" in our Opinion, is confounding.

For the reasons set out above, Defendants' have failed to meet their "heavy burden" to demonstrate that reconsideration is necessary "to correct a clear error of law or to prevent manifest injustice." Accordingly, their motion for reconsideration of our Order of July 2, 2021 precluding the testimony of John Vitzthum is denied.